UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:24-cr-00458-CEH-TGW(s)

AH'JHZAE DIAMONDRIC ARTAG BERRY

18 U.S.C. § 1344
(Bank Fraud)

18 U.S.C. § 1708
(Mail Theft)

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNTS ONE THROUGH FOUR
(Bank Fraud)

#### A.   Introduction

At times material to this Superseding Indictment:

1. AH'JHZAE DIAMONDRIC ARTAG BERRY was a United States citizen residing in the Middle District of Florida.

2. Bank of America, Regions Bank, Wells Fargo Bank, Navy Federal Credit Union, Pinellas County Credit Union, and First Florida Bank are federally insured financial institutions.

#### B.   The Scheme to Defraud

3. From a date unknown to the United States Attorney, but from at least as early as in or around January of 2024, and continuing through in or around June of 2024, in the Middle District of Florida and elsewhere, the defendant,

AH'JHZAE DIAMONDRIC ARTAG BERRY

aided and abetted by others known and unknown to the United States Attorney, knowingly and intentionally executed and attempted to execute a scheme and artifice to defraud federally insured financial institutions and to obtain monies and funds owned by and under the custody and control of federally insured financial institutions by means of false and fraudulent pretenses and representations.

### C.   The Manner and Means of the Scheme to Defraud

4.   The manner and means by which BERRY and his accomplices sought to accomplish the objects of the scheme included, among others, the following:

a.   BERRY and his accomplices would and did unlawfully possess a key that would unlock United States Postal Service authorized receptacles for the deposit of mail, frequently called mail collection boxes;

b.   BERRY and his accomplices would and did use the key to steal mail from the United States Postal Service receptacles;

c.   BERRY and his accomplices would and did open stolen mail not addressed to themselves;

d.   BERRY and his accomplices would and did remove contents of value from the stolen mail, including checks drawn on federally insured accounts at financial institutions;

e.   BERRY and his accomplices would and did alter the face of checks stolen from the mail, including modifying the payee line on the checks;

f.   BERRY and his accomplices would and did fraudulently negotiate the

checks and deposit them into accounts at federally insured financial institutions belonging to individuals other than the originally intended recipients;

g. BERRY and his accomplices would and did transfer, withdraw, and spend the fraudulently acquired funds for their personal benefit; and

h. BERRY and his accomplices would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of said scheme.

### D. Execution of the Scheme to Defraud
### (Bank Fraud)

5. On or about the dates specified in each count below, in the Middle District of Florida and elsewhere, the defendant,

AH'JHZAE DIAMONDRIC ARTAG BERRY

aided and abetted by others known and unknown to the United States Attorney, knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice to defraud, as specified in each count below:

| Count | Approximate Date | Execution of Scheme to Defraud |
|---|---|---|
| 1 | Between January 30, 2024, and February 12, 2024 | Altered stolen check #7687, in the amount of $4,556.05, drawn on a Bank of America account belonging to victim R.H.T., to identify "A.G." as the payee, and deposited the altered check into A.G.'s Wells Fargo Bank account |
| 2 | Between February 2, 2024, and February 8, 2024 | Altered stolen check #10004, in the amount of $7,503.90, drawn on a Regions Bank account belonging to victim B.C., to identify "T.S." as the payee, and deposited the altered check into T.S.'s Wells Fargo Bank account |

| 3 | Between February 23, 2024, and March 6, 2024 | Altered stolen check #3564, in the amount of $5,785.00, drawn on a Pinellas Federal Credit Union account belonging to victim K.N., to identify "S.Y." as the payee, and deposited the altered check into S.Y.'s Navy Federal Credit Union account |
|---|---|---|
| 4 | Between May 29, 2024, and June 6, 2024 | Altered stolen check #36606, in the amount of $16,530.98, drawn on a First Florida Bank account belonging to victim company "A.C., Inc.", to identify "R.W." as the payee, and deposited the altered check into R.W.'s Navy Federal Credit Union account |

All in violation of 18 U.S.C. § 1344.

## COUNTS FIVE THROUGH TEN
### (Theft of mail)

### A. Introduction

1. Paragraphs 1 through 2 of Count 1 of this Superseding Information are hereby realleged and incorporated by reference as though fully set forth herein.

### B. The Crimes

2. On or about the date specified in each count below, in the Middle District of Florida, the defendant,

AH'JHZAE DIAMONDRIC ARTAG BERRY

aided and abetted by others known and unknown to the United States Attorney, did knowingly steal, take, and abstract letters, postal cards, mail, and articles and things contained therein, from and out of a United States Postal Service letter box and mail receptacle:

| Count | Approximate Date | Location of Mail Theft |
|---|---|---|
| 5 | January 30, 2024 | United States Postal Service Collection Box located at Crossroads Post Office, 1275 66th Street N, St. Petersburg, FL 33710 |
| 6 | February 2, 2024 | United States Postal Service Collection Box located at 3135 First Avenue North, St. Petersburg, FL 33730 |
| 7 | February 24, 2024 | United States Postal Service Collection Box located at Crossroads Post Office, 1275 66th Street N, St. Petersburg, FL 33710 |
| 8 | March 14, 2024 | United States Postal Service Collection Bos located at 1110 Pinellas Bayway South, Tierra Verde, Florida |
| 9 | May 29, 2024 | United States Postal Service Collection Box located at Crossroads Post Office, 1275 66th Street N, St. Petersburg, FL 33710 |
| 10 | June 3, 2024 | United States Postal Service Collection Box located at Crossroads Post Office, 1275 66th Street N, St. Petersburg, FL 33710 |

In violation of 18 U.S.C. § 1708.

## **FORFEITURE**

1.  The allegations contained in Counts One through Ten are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 1708, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____
Joseph Wheeler III
Special Assistant United States Attorney

By: _____
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section